UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00054-TBR-LLK

WILLIAM JACK ROGERS, PETITIONER

v.

JOSEPH MIEKO, WARDEN, RESPONDENT

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner William Jack Rogers' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, [DN 1]. The Magistrate Judge filed Findings of Fact, Conclusions of Law, and Recommendation, [DN 14.] Rogers filed Objections to the Magistrate Judge's Report, [DN 15.] Having reviewed Rogers' Objections, the Court **ADOPTS** the Magistrate Judge's Findings of Fact and Conclusions of Law and **ADOPTS** the Magistrate Judge's Recommendation that the § 2254 petition be dismissed. For the reasons that follow, Rogers' Objections are **OVERRULED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

In the Magistrate Judge's Report and Recommendation, he conducted a thorough analysis explaining when Rogers' convictions became final in Kentucky state court, when the statute of limitations on his habeas petition began to run, when it was tolled, when it resumed, and finally, when it expired. [*See* DN 14 at 1–5.] Ultimately, the Magistrate Judge determined that the one-year statute of limitations in which Rogers was required to file his § 2254 petition expired on March 11, 2016, one month before Rogers filed his April 11, 2016 petition. [*Id* at 3.] As a result, the Magistrate Judge Recommended that Rogers' petition be dismissed as having been filed outside the one-year statute of limitations applicable to habeas petitions. [*Id.* at 4.]

In his Objections to the Magistrate Judge's Report and Recommendation, Rogers did not address any of the Magistrate Judge's Findings of Fact or Conclusions of law relating to the expiration of the statute of limitations for filing Rogers' § 2254 petition. Rather, Rogers first argues that he struggled to receive and file court documents and that he did not have desired access to legal materials. [*See* DN 15 at 1.] Next, Rogers attempts to argue the merits of his habeas claim, asserting that he was charged with the wrong crime, his Sixth Amendment right to counsel was violated, and that, contrary to the government's contention, he never confessed to the crime with which he was charged. [*Id*.]

In sum, the Court has "ma[d]e a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). For the reasons set forth above, Rogers' Objections are **OVERRULED** and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation are **ADOPTED**. Rogers' § 2254 petition for a writ of habeas corpus, [DN 1], is **DISMISSED** and a certificate of appealability is **DENIED** as to all grounds raised in his petition.

**IT IS SO ORDERED**.

Date:

cc:     Counsel

Petitioner/Defendant, *pro se*
227824
Little Sandy Correctional Complex
505 Prison Connector
Sandy Hook, KY 41171